**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                        :
SHAWN MUNSON,                           :  CIVIL ACTION
                                        :
              Petitioner,               :
                                        :
     v.                                 :  NO. 11-1766
                                        :
COMMONWEALTH OF PA, et al.,             :
                                        :
              Respondents.              :
_____ :
ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION**

Shawn Munson Leake filed a counseled petition for writ of habeas corpus on April 5, 2011 asserting that his state court sentence is illegal.  On July 11, 1991, Munson entered an open guilty plea to possession with intent to deliver drugs, delivery of drugs, and a violation of Pennsylvania's Corrupt Organization Act ("PCOA").  He was sentenced to 8 to 20 years on the PCOA charge, and 1 to 2 year concurrent terms on the drug charges. Resp. Ex. A at 53-54.  The Pennsylvania Superior Court denied Munson's direct appeal on September 28, 1992.[1]  Munson did not file a petition for allowance of appeal with the Pennsylvania Supreme Court and did not seek collateral review of his conviction under the Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. 9541, et seq.  Notwithstanding the passage of time, in

_____

[1]Munson asserts in his federal petition that he raised on direct appeal the issue of whether his sentence was excessive. Pet. ¶ 9.

its Response filed on September 20, 2011, the Commonwealth

concedes that he is entitled to the conditional grant of habeas

relief.  Accordingly, I recommend that the petition be

conditionally granted.

Given the Commonwealth's concession, I will review the

history of this matter only in general terms.  Munson was charged

in state court with participation in a corrupt drug organization

that was responsible for the death of one individual and the

wounding of two others.  One of the co-conspirators was Kevin

Kendrick.  After exhausting his state remedies, Kendrick filed a

federal habeas petition challenging the legality of his sentence

under PCOA.  His petition was denied but, on appeal, the United

States Court of Appeals for the Third Circuit certified the

question of sentence legality to the Pennsylvania Supreme Court.

That Court had previously determined that PCOA applied only to

criminal organizations that were connected to a legitimate

business.  See Commonwealth v. Besch, 674 A.2d 655 (Pa. 1996).[2]

In the certified question appeal, the Pennsylvania Supreme Court

instructed the Third Circuit that the holding of Besch did not

establish a new rule of law that could not be applied

retroactively to cases on collateral review.  Kendrick v.

_____

[2]Shortly after the holding in Besch, the Pennsylvania
Legislature amended PCOA so that it now includes legitimate and
illegitimate enterprises.  See Kendrick v. Dist. Attorney of
County of Philadelphia, 488 F.3d 217, 218 (3d Cir. 2007).

District Attorney Of Philadelphia County, 916 A.2d 529, 538-41

(Pa. 2007). Accordingly, the Third Circuit vacated the order of

the District Court denying the writ of habeas corpus and remanded

the matter. Kendrick v. Dist. Attorney of County of

Philadelphia, 488 F.3d at 221.

Here, the Commonwealth responds to the habeas petition by

asserting that,

> Like Kendrick, petitioner pleaded guilty on other
> charges in addition to the charge of Corrupt
> Organizations. Those other convictions remain valid,
> similar to Besch and later in Kendrick where the
> removal of the Corrupt Organizations charge bore no
> impact on the guilty plea as to the other charges.
> Petitioner's sentencing proceeding makes clear that his
> other charges remain intact, because the sale of drugs
> to an undercover police officer bore little relation to
> the Corrupt Organizations charge.

Resp. at 3. Thus, it concedes that Munson is "entitled to

resentencing **as to the PCOA conviction**, but only on that charge,"

and agrees to the issuance of a conditional writ granting Munson

release on the PCOA conviction unless the state courts vacate the

PCOA conviction and sentence and resentence Petitioner. Resp. at

3 (emphasis added). Munson has not filed any further reply to

take issue with the Commonwealth's proposed condition.

Nonetheless, I recommend that the Commonwealth's proposed

condition is not appropriate.

It is clear from the Kendrick decisions that the PCOA

conviction is a nullity because the statute in force at the time

of Munson's actions did not criminalize the charged conduct.

-3-

Resentencing Munson "as to the PCOA conviction" would again result in an illegal sentence.  Rather, I recommend – similar to what Judge Yohn ordered following the remand in <u>Kendrick</u> – that the habeas petition be granted to the extent that the conviction for violating PCOA be vacated and the matter remanded for resentencing on the **other** crimes for which Munson was convicted. <u>See</u> Resp. Ex. B.

Accordingly, I make the following:

## RECOMMENDATION

AND NOW, this 6th day of December, 2011, IT IS RESPECTFULLY
RECOMMENDED that:

1.  The Petition of Shawn Munson for writ of habeas corpus
should be CONDITIONALLY GRANTED.

2.  The Petitioner should be discharged from all custody
resulting from his conviction and sentence under the
Pennsylvania Corrupt Organizations Act in the Philadelphia
Court of Common Pleas in Criminal No. CP-51-CR-0509225-1001.

3.  The Petitioner should be discharged from all custody
resulting from his conviction and sentence under his other
crimes of conviction UNLESS, within 180 days from the date
of the final determination of this matter, the Commonwealth
of Pennsylvania resentences Petitioner on those charges.

I further RECOMMEND that there is probable cause to issue a
certificate of appealability as to all issues raised in the
Petition.

Any party may file objections to this Report and
Recommendation.  See  Local Civ. Rule 72.1.  Failure to file
timely objections may constitute a waiver of any appellate
rights.

BY THE COURT:

/s/ Arnold C. Rapoport
_____    ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE

-5-